### PAYMENT OF SALARIES NOT LEGALLY COLLECTABLE.

Circuit Court of Cuyahoga County.

ROBERT C. WRIGHT, AUDITOR, v. STATE OF OHIO, EX REL GEORGE LINN.*

Decided, June 19, 1906.

*Equity Will Not Enjoin Payment of Salaries Equitably Due But Not Legally Collectable.*

Where county employees continue to perform labor after the law under which they were employed was so changed as to discontinue their employment unless they should be re-employed in a particular manner, the county commissioners having passed a resolution appropriating money to pay the sums to which they would have been eititled if they had regularly re-employed, equity will not interfere to enjoin such payment, but leave the parties as it finds them.

*Fred F. Klingman* and *C. M. White,* for plaintiff in error.
*Stage & Armstrong, J. C. Mansfield* and *P. H. Kaiser,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is a proceeding to reverse the judgment of the court of common pleas in an action brought in favor of Section 1278, Revised Statutes, by a tax-payer in the name of the state, to enjoin the auditor of Cuyahoga county from compensating three persons for services rendered as assistant county draughtsmen

*Affirmed without opinion, *State, ex rel, v. Wright,* 77 Ohio State, 623.

in making and correcting the tax maps of said county during the period of three months next succeeding the 26th day of April, 1904, when the law under which they had been appointed by the commissioner was so changed by "An act to amend Sections 2789a and 2789b of the Revised Statutes of Ohio" (97 O. L., 489), as to discontinue their employment unless they should be re-employed by the county surveyor under authority from the commissioners.

They were not so re-appointed, and it is clear they could not recover in any actions brought by them. The commissioners have, however, passed a resolution reciting the foregoing facts, asserting that the county is equitably bound to compensate these persons, and appropriating therefor the sums thus due to them, and it is alleged and admitted that payment will be made unless enjoined. A demurrer to the state's petition was overruled in the court below, and defendant not desiring to answer, final judgment was rendered, perpetually enjoining the payment.

It will be observed that the county has all the time had the statutory authority to have work of this character done, and that the commissioners, before the amendment, had directed it to be done. Unless the law so requires, equity should not, under such circumstances, after the completion of the work, enjoin payment therefor. Many cases may be found where recovery of compensation has been denied to the party claiming it, where he has himself invoked the court's assistance. Many others may be found where the courts have interposed to prevent the carrying out of illegal contracts. Still others exist wherein the payment of unconstitutional obligations, or those resting on no basis of statutory authority, has been enjoined. The decisions cited by defendant in error fall, we believe, into one or another of these classes, and none of them rules this case. The circumstances alleged in the petition seem to warrant the application of the principle laid down in *Buchanan Bridge Co.* v. *Campbell,* 60 Ohio State, 406, that "courts will leave the parties to such unlawful transaction where they have placed themselves, and will refuse to grant relief to either party."

We do not regard the alleged unconstitutionality of the original act or the alleged illegality of the original employment of these draughtsmen by reason of the provisions of Section 2834v as material here, where the services in question were rendered after the amendment of the act although it is conceded that compensation therefor could not be collected by action at law.

Here the statutory authority of counties to have work of this character performed is clear, the work has actually been done, the appropriation for paying for it has been made, and payment will be made unless affirmative relief can be granted upon *principles of equity.* Section 5 of Article X of the Constitution does indeed provide that "No money shall be drawn from any county treasury except by authority of law; but on the authority of *Bridge Co.* v. *Campbell,* above cited, we think affirmative relief can not be granted, and the judgment below will be reversed.

HENRY, J.

After announcing the decision of the court in the case, I came to entertain serious doubts of its correctness; and, at my request, oral argument was allowed upon the defendant in error's application for a rehearing. The amendatory act of April 26, 1904 (97 O. L., 489), is far from clear, and the county commissioners seem originally to have interpreted it as a mere continuation of the pre-existing authority of the county to employ map-makers, coupled, however, with the permissive power to appoint the county surveyor for that purpose and have him appoint assistants in such number not exceeding four, and at such pay, not exceeding $1,500 per annum, as the commissioner should determine. On the theory, apparently, that the new legislation was merely by way of amendment, and that the new powers conferred were merely cumulative and additional to those previously possessed, the board of county commissioners allowed the existing situation to continue for two or three months without change.

Without meaning to endorse this construction, my brethren are nevertheless of the opinion that, considering all the facts

of this case, the judgment already rendered by this court herein ought not to be disturbed. We are not free from doubt in the premises, and I may say, for my brethren as well as for myself, that we desire the force and effect of our decision to be restrained to the peculiar facts of this case.